1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAOUL LAFOND,                                  Case No.  1:22-cv-00786-HBK

12                    Petitioner,                    ORDER DIRECTING CLERK OF COURT TO
                                                     ASSIGN CASE TO DISTRICT JUDGE
13          v.
                                                     FINDINGS AND RECOMMENDATIONS TO
14    M. ARVIZA,                                     DISMISS PETITION FOR FAILURE TO
                                                     STATE A CLAIM[1]
15                    Respondent.
                                                     (Doc. No. 1)
16
                                                     FOURTEEN-DAY OBJECTION PERIOD
17
                                                     ORDER DIRECTING CLERK TO PROVIDE
18                                                   PETITIONER WITH CIVIL RIGHTS
                                                     COMPLAINT FORM
19

20

21          Petitioner Raoul Lafond, a federal prisoner proceeding *pro se*, initiated this action by

22   filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1, Petition).

23   Although submitted on a habeas corpus form, Petitioner acknowledges that his claim involves

24   "prison conditions" and, as such, is properly pursued via either a claim under the Federal Torts

25   Claim Act or a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal*

26   *Bureau of Narcotics*, 403 U.S. 388, 392-97 (1971).  Thus, the undersigned recommends that the

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1   Petition be dismissed for failure to state a cognizable habeas claim.

2                               **I. APPLICABLE LAW AND ANALYSIS**

3                  **A.  The Claims Do Not Spell Earlier Release**

4              This matter is before the Court for preliminary review under Rule 4 of the Rules

5   Governing Section 2254 Cases.[2]  *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C.

6   § 2243.  Under Rule 4, the Court must dismiss a habeas petition if it "plainly appears" that the

7   petitioner is not entitled to relief.  If a prisoner's claim "would necessarily demonstrate the

8   invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the

9   claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In contrast, if a favorable judgment for the

10  petitioner would not "necessarily lead to his immediate or earlier release from confinement," he

11  may assert his claim only under 42 U.S.C. § 1983.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th

12  Cir. 2016).[3]

13             In both his first and second grounds for relief, Petitioner asserts he is not receiving

14  adequate medical care in violation of the Eighth Amendment.  (*Id*. at 3).  Specifically, in his first

15  claim Petitioner complains that that he is in constant pain as a result of being shot by a hollow

16  bullet and despite receiving surgical care his medical condition has deteriorated.  (*Id*.).  In his

17  second claim, Petitioner complains that the doctor at Mendota FCI will not prescribe him

18  orthopedic shoes.  (*Id*.).  Because the success of either claim would not lead to Petitioner's

19  immediate or earlier release from confinement, the undersigned finds the Petition fails to state a

20  cognizable habeas claim.  Instead, because Petitioner is a federal prisoner his claims should be

21

22  ───────────────

23  [2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See* Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

24

25

26  [3] In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."  *Id*. at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973)); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

27

28

1   brought via the Federal Torts Claim Act[4] or via a civil action under *Bivens*.  Thus, the

2   undersigned recommends that the Petition be dismissed for lack of federal habeas jurisdiction.

3   **B. Conversion to Civil Rights Complaint Not Appropriate**

4   Next, the undersigned considers whether to convert the Petition into a civil rights

5   complaint.  "If the complaint is amenable to conversion on its face, meaning that it names the

6   correct defendants and seeks the correct relief, the court may recharacterize the petition so long as

7   it warns the pro se litigant of the consequences of the conversion and provides an opportunity for

8   the litigant to withdraw or amend his or her complaint."  *Nettles*, 830 F.3d at 936 (remanding case

9   to district court to consider claim under § 1983).  When filing a *Bivens* claim[5] or § 1983 claim,

10  courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2)

11  deprived plaintiffs of rights secured by the Constitution or federal statutes."  *Gibson v. United*

12  *States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A person deprives another of a constitutional right,

13  "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative

14  act, or omits to perform an act which he is legally required to do that causes the deprivation of

15  which complaint is made.'"  *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183

16  (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

17  The undersigned finds the Petition is not properly convertible to a *Bivens* civil rights

18  complaint for two reasons.  First, Petitioner names only the warden as the sole Respondent.

19  Notably, a *Bivens* action may only be brought against an individual defendant in his individual

20  capacity, not in his official capacity.  Petitioner does not identify as respondents any persons who

21  allegedly committed the affirmative acts or omissions that allegedly violated his rights.  Nor does

22  Petitioner identify the type of relief he seeks, i.e., monetary damages or injunctive relief, or both.

23  Second, automatic conversion would run counter to the Prison Litigation Reform Act.  The filing

24  fee for a habeas petition is $5 in contrast to the $350 filing fee assessed to prisoners if granted *in*

25

26  [4] Although generally a federal prisoner may bring both a FTCA and *Bivens* claim in the same lawsuit, a
    FTCA claim is the only remedy for injuries caused by action so the United States Public Health Service
27  physician under 42 U.S.C. § 233(a).  *Hui v. Castaneda*, 559 U.S. 799 (2010).
    [5] The Supreme Court generally recognizes that "a Bivens action is the federal analog to suits brought
28  against state officials under  . . . 42 U.S.C. § 1983."  *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2002).

1    *forma pauperis* status in a civil action.  Further, under the Prisoner Litigation Reform Act, a

2    prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status, by

3    way of deductions from the prisoner's trust account.  *See* 28 U.S.C. § 1915(b)(1).  If the Court did

4    convert this action to a § 1983 action, Petitioner would face the larger filing and administrative

5    fees—which he might prefer not to do.

6          While the undersigned finds the petition is not amendable to conversion, Petitioner is free

7    to file a civil action under the FTCA or *Bivens* in a separate action, if appropriate.  In doing so,

8    Petitioner is advised that a complaint must contain a short and plain statement that plaintiff is

9    entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is

10    plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility

11    standard does not require detailed allegations, but legal conclusions do not suffice.  *See Iqbal*, 556

12    at 678.  If the allegations "do not permit the court to infer more than the mere possibility of

13    misconduct," the complaint states no claim.  *Id*. at 679.  The complaint need not identify "a

14    precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir.

15    2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an

16    enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir.

17    2006) (en banc) (citations omitted).  The complaint must state what actions each named defendant

18    took that deprived plaintiff of constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678;

19    *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Further, a plaintiff must identify what relief

20    he seeks on his complaint.

21          **II.  RECOMMENDATION AND ORDER**

22          Accordingly, it is **ORDERED**:

23          1.  The Clerk of Court is directed to send Petitioner a civil rights complaint form with

24    these Findings and Recommendations.

25          2.  The Clerk of Court is directed to assign this case to a District Judge for the purposes of

26    reviewing these findings and recommendations.

27          It is further **RECOMMENDED**:

28          The Petition be dismissed for failure to state a cognizable habeas claim.  (Doc. No. 1).

1

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:   July 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5